# FOURTH DEPARTMENT.

## GENERAL TERM, JANUARY, 1875.

---

### VAN KUREN v. SAXTON.

*Contract — for board and services not implied between near relatives.*

Defendant, during the pendency of an action against her husband for divorce, was invited by plaintiff's wife, her sister, with the acquiescence of plaintiff, to stay at plaintiff's house until she could do better; and she and her two children lived several months in plaintiff's family. During her stay she assisted in doing the household work. *Held,* that an agreement that she was to recover compensation for her labor and pay plaintiff for board would not be implied.

Transactions of this kind between relatives stand on a different footing from those between persons not related. In the latter case the law may, in the absence of special circumstances, imply mutual premises, while in the former it will not.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Helen A. Van Kuren against John Saxton to recover the amount of a promissory note; also for services of plaintiff; also for services of plaintiff's minor son, and also for goods sold and delivered. The answer set up as a counter-claim an indebtedness for board, lodging and washing for plaintiff and her minor children. Sufficient facts appear in the opinion.

*S. E. Filkins,* for appellant.

*Tucker & Bowen,* for respondent.

GILBERT, J. The plaintiff is a sister of the defendant's wife. She had been married to one Perry, but obtained a judgment for an absolute divorce against her husband on the 3d of October, 1868.

Van Kuren v. Saxton.

In July or August preceding, she, with her two children, went to the defendant's to live, and there they remained several months as members of his family. On the 21st of October, 1868, the defendant borrowed of the plaintiff $300, and gave her his note therefor. The defendant made several payments on the note. This action was brought to recover a sum due on that note, and the defendant pleaded as a set-off a claim for the board of the plaintiff and her children. The referee found that the plaintiff performed services for the defendant while a member of his family, and that the defendant furnished board for herself and children during that time; that the value of such board exceeded her services in the sum of $348, but that such services were rendered, and such board was furnished upon the mutual understanding between the parties that neither should make any charge therefor. He therefore rendered a judgment in favor of the plaintiff for $217, being the balance due upon the note.

We think the finding of the referee is correct. The evidence shows that the plaintiff became a member of the defendant's family on the invitation of his wife, and with his assent, and that she was expected to remain with her children until she could do better. No intimation was given by either party that pecuniary compensation should be made by one to the other, nor did the defendant make any claim for board until after the plaintiff had left him, nor until she sought to enforce payment of the balance due upon the note. The inference from the circumstances therefore, that the plaintiff did not occupy the position of a servant to the defendant, and that she was not received into his family as a boarder, is very strong if not conclusive. Transactions of this kind between relatives stand on a different footing than those between persons who are not bound to each other by such ties. In the latter case the law may, in the absence of special circumstances, imply mutual promises to pay, while in the former it will not. *Robinson* v. *Cushman*, 2 Denio, 152; *Williams* v. *Hutchinson*, 3 N. Y. 312; S. C., 5 Barb. 122; *Sharp* v. *Cropsey*, 11 id. 224; *Wilcox* v. *Wilcox*, 48 id. 327.

The judgment should be affirmed.

*Judgment affirmed.*